**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TRAVELERS INDEMNITY
COMPANY,

        Plaintiff-Appellee,

v.

BOARD OF COUNTY
COMMISSIONERS FOR LARIMER
COUNTY,

        Defendant-Appellant.

No. 12-1180
(D.C. No. 1:10-CV-02160-MSK-CBS)
(D. Colo.)

 

**ORDER AND JUDGMENT**[*]

 

Before **KELLY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

 

In December 2006, snowstorms damaged several buildings in the Larimer

County, Colorado, Fairgrounds.  As is relevant here, the Board of County

Commissioners for Larimer County (Larimer County) submitted a claim under its

property insurance policy (the Policy) issued by Travelers Indemnity Company

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(Travelers) for damage to the roofs of several of the Fairground buildings.  Larimer County, in its 2009 amendment to its already amended claim, asserted "widespread damage to the roof structures . . . as evidenced by the buckling and rolling of the purlins . . . caused by the weight of built up snow and ice."  Aplt. App. at 353.[1] Travelers investigated Larimer County's latest amendment and concluded the loss was not covered because the damage claimed (displaced purlins) was caused by design and construction defects and was therefore excluded from coverage.  This lawsuit followed.

Travelers' suit seeks a judicial declaration relieving it of the repair costs for the displaced purlins.  Larimer County responded with counterclaims, alleging breach of the Policy for failing to pay benefits, bad faith, and violation of Colorado's Consumer Protection Act.  The parties filed cross-motions for summary judgment.

The district court entered a summary judgment in favor of Travelers on its claim for a declaratory judgment and on Larimer County's counterclaims based upon the operative Policy language.  The Policy requires Travelers to "'pay for direct physical loss or damage' to the property if that damage is 'caused by or resulting from a Covered Cause of Loss.'"  *Travelers Indem. Co. v. Bd. of Cnty. Commn'rs ex rel. Larimer Cnty.*, No. 10-cv-02160-MSK-CBS, 2012 WL 1059976, at *3 (D. Colo.

---

[1]     A purlin is "[a] horizontal beam which runs along the length of a roof, resting upon the principal rafters at right angles and supporting the ordinary rafters or boards to the roof."  Oxford English Dictionary, http://www.oed.com (last visited Jan. 22, 2013).

Mar. 29, 2012) (quoting Aplt. App. at 391 (the Policy)). "'Covered Cause of Loss'" is defined as "'risks of direct physical loss unless that loss is excluded' by other provisions in the policy." *Id.* (quoting Aplt. App. at 391 (the Policy)). This language, the court explained, "effectively provides that Travelers will pay for physical loss or damage to covered property resulting from *any* cause, *except* losses or damage resulting from causes falling within a specific policy exclusion." *Travelers Indem. Co.*, 2012 WL 1059976, at *3. Accordingly, the court next turned to the Policy's defective construction exclusion (relied upon by Travelers), noting an applicable exception. *See id.* Specifically, "'in the event that an excluded cause of loss [e.g., defective construction,] . . . results in a Covered Cause of Loss, the Company will be liable only for such resulting loss or damage.'" *Id.* (quoting Aplt. App. at 402 (the Policy)).

The court then observed that "the exception language form[ed] the core of . . . Larimer County's argument that that the damage is covered by the policy." *Travelers Indem. Co.*, 2012 WL 1059976, at *3. "Larimer County contends that even if [the] construction was defective, the weight of snow on the roofs constituted a separate 'Covered Cause of Loss' that brings the claim within policy coverage." *Id.* The court rejected Larimer County's argument.

> The critical language provides that where "an excluded cause of loss"—
> here, defective construction—"*results in* a Covered Cause of Loss," any
> "*resulting* loss" is covered. In other words, although a construction
> defect, itself, is not covered by the policy, if the defect causes (*i.e.*
> "results in") a "Covered Cause of Loss," and that "Covered Cause" in
> turn results in property damage, the resulting property loss is covered.

. . . [T]he exception provides for coverage only when the excluded cause—defective design—becomes a new causal agent that itself causes resultant property damage.

*Id.* at *4. Thus, among other things, the court opined:

> In the circumstances here, the defective construction of the roof may have acted as a causal agent (coupled with a second causal agent, the snow loading) to damage the purlins, but the purlins themselves have not become a "Covered Cause of Loss" that has resulted in additional property damage. Put differently, the damage to the purlins is the loss claimed by Larimer County, not the *cause* of some other losses or property damage. Had a displaced purlin, for example, fallen and damaged . . . the floor of the building, the policy would cover damage to the floor. But where, as here, the claimed damage is the displacement of the purlins itself, the unambiguous language of the exclusion precludes coverage.

*Id.*; *see also id.* at *4 & n.5 (discussing *RK Mech., Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 10-cv-02306-WJM-KMT, 2011 WL 3294921 (D. Colo. Aug. 1, 2011), "a case involving effectively identical policy language," and concluding that it "supports the Court's conclusion, not Larimer County's position").

In this appeal Larimer County claims, as it did in the trial court, Travelers is obligated under the Policy to cover the repair costs for the displaced purlins. More particularly, it charges the district court with error: (1) in concluding the weight of the snow and ice causing physical damage to the buildings was not a covered cause of loss; (2) in failing to recognize a stipulation by the parties that damage to covered buildings resulted from the weight of snow and ice; (3) by rewriting the Policy to reach a result of no coverage; (4) in failing to correctly apply an exception to an

- 4 -

exclusion for construction defects; and (5) in failing to properly apply Colorado's efficient proximate cause rule.

We review de novo the district court's grant of summary judgment, "applying the same legal standard as the district court." *Constitution Party of Kan. v. Kobach*, 695 F.3d 1140, 1144 (10th Cir. 2012) (internal quotation marks omitted). "Cross motions for summary judgment are treated separately; the denial of one does not require the grant of another." *Id.* (internal quotation marks omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In determining whether the moving party is entitled to judgment as a matter of law based on the record, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmovant." *Kobach*, 695 F.3d at 1144 (internal quotation marks omitted).

Because this case arises in diversity, "we review the district court's determination of state law *de novo*." *Butler v. Union Pac. R.R.*, 68 F.3d 378, 379 (10th Cir. 1995). "Under Colorado law, insurance policies are interpreted consistently with the well-established principles of contractual interpretation." *Leprino Foods Co. v. Factory Mut. Ins. Co.*, 653 F.3d 1121, 1127 (10th Cir. 2011) (internal quotation marks omitted).

> In order to avoid policy coverage, an insurance policy must establish that the exemption claimed applies in the particular case, and that the exclusions are not subject to any other reasonable interpretations. Absent an indication the parties intended otherwise, the instrument's

- 5 -

language must be examined and construed in harmony with the plain and generally accepted meaning of the words used.

*Id.* (citation and internal quotation marks omitted).

The parties are familiar with the facts and procedural history of this case and we need not restate either here. Our thorough review of the briefs, the record, and the applicable law, reveals no reversible error. Accordingly, we affirm the summary judgment for substantially the same reasons detailed in the district court's thorough opinion and order.

Entered for the Court

Terrence L. O'Brien
Circuit Judge